FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 MAY -9 A 10: 24

CLERK
SO                  GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARK VEREEN,

    Plaintiff,

vs.

CIVIL ACTION NO. CV605-021

JOHN TERWILLIGER; BRADE HOOKS;
ROBERT HUMES, Nurse POWELL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Baldwin State Prison in Hardwick, Georgia, has been permitted to proceed *in forma pauperis* in an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement while he was incarcerated at the Emanuel County Detention Center. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that staff at Emanuel County Detention Center were deliberately indifferent to his serious medical needs. Plaintiff asserts that Brade Hooks, an Assistant Warden at the Emanuel County Detention Center, was present at a meeting he had with the Warden, John Terwilliger. However, Plaintiff has failed to set forth any facts which indicate that Brade Hooks violated his constitutional rights. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his claims against Brade Hooks should be dismissed.

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915 against Brade Hooks.

2

Accordingly, it is my **RECOMMENDATION** that Plaintiff's claim against Brade Hooks be **DISMISSED** pursuant to 28 U.S.C.A. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

Plaintiff's remaining claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 9th day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

VEREEN                              )

vs                                  )  CASE NUMBER CV605-21

TERWILLIGER, ET AL                  )  DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/9/05, which is part of the official record of this case.

Date of Mailing:        5/9/05

Date of Certificate     ☒ same date,    or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Mark Vereen, 1016385, Baldwin State Priosn, P.O. Box 218, Hardwick, GA 31034

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate